**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DENNIS LEE GRAY and | ) | |
| COLETA BERNICE GRAY, | ) | Case No. 12-21362-DRD-7 |
| | ) | |
| Debtors. | ) | |

## <u>MEMORANDUM OPINION</u>

The matter before the Court is the objection by the Trustee to the Debtors' claim of exemption in portions of their income tax refund for the year 2012 attributable to certain tax credits. Specifically, the Debtors contend that those portions of the tax refund attributable to the Earned Income Tax Credit (EITC), the Additional Child Tax Credit (ACTC) and the American Opportunity Tax Credit (AOTC) exempt as public assistance benefits under <u>Mo. Rev. Stat. § 513.430.1(10)(a)</u>. The Court has jurisdiction over this matter pursuant to <u>28 U.S.C. §§ 1334</u>, <u>157(a)</u> and <u>157(b)(1)</u>. This is a core proceeding in which the Court may issue a final order pursuant to <u>28 U.S.C. § 157(b)(2)(B)</u>. What follows constitutes the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure. [1] For the reasons indicated, the Court sustains the Trustee's objection in part and overrules it in part.

### I.    Factual and Procedural Background

---

[1] The facts are drawn from the Trustee's objection, the Debtors' response and attached pleadings. There is apparently no dispute between the Debtors and the Trustee as to the relevant facts. At the hearing, neither party asked for an opportunity to present evidence or to submit anything to supplement the evidentiary record created by these filings.

The Debtors commenced this case by filing a petition for relief under Chapter 7 of the

Bankruptcy Code on August 31, 2012.  On March 4, 2013, they filed Amended Schedules B and

C listing as an additional asset federal and state tax refunds for the year 2012 which they

anticipated receiving in the amount of $10,704.00.  They calculated that, based on the date of

filing, the sum of $7,254.08 would constitute property of the estate.  In Schedule C, Debtors

assert an exemption in the aggregate amount of $3,387.00 pursuant to Mo. Rev. Stat. §

513.430.1(10)(a).  Debtors submit that the following three portions of the income tax refund

constitute public assistance as the phrase is used in that statute:  an EITC in the amount of

$903.00; an ACTC in the amount of $1,659.00; and an AOTC in the amount of $825.00.  The

Trustee has objected to the exemptions claimed.

## II.   Discussion

### A.  Earned Income Credit

As to the EITC, the Court will follow the recent opinion of Judge Federman in the case of

*In re Corbett*, 2013 WL 1344717 (Bankr. W.D. Mo.) in which he concludes that the EITC is

exempt as a public assistance benefit under the statute cited by Debtors.  Accordingly, that

portion of the Trustee's objection relating to the EITC is overruled.

### B.   Additional Child Tax Credit

Similarly, the Court intends to follow the recent opinion by Judge Norton in the

consolidated cases of *In re Hardy*, Case No. 12-44253 and *In re Lovelace*, Case No. 12-44909 in

which she held that the ACTC is not exempt as a public assistance benefit.  The Court concurs

with the cases cited in *Hardy/Lovelace* and the reasoning of Judge Norton, particularly the

observation that the wide income bracket of taxpayers who are eligible to claim the credit places

them out of the range of most public assistance benefits and is a sufficient basis to conclude that

it is not an exempt public assistance benefit.  Accordingly, that portion of the Trustee's objection

relating to the ACTC is sustained.

### C.   American Opportunity Tax Credit

To this Court's knowledge, there are no reported opinions dealing with the ability of

Debtors to exempt the AOTC as a public assistance benefit and the parties cite none.  For several

reasons, the Court concludes that the AOTC is more akin to the ACTC than the EITC and may

not be claimed as exempt under the cited statute.  The AOTC is a partially refundable tax credit

that provides financial assistance to taxpayers attending college or whose children are attending

college.[2]  The purpose of this and other education tax credits is to provide financial assistance to

students from middle income families and to increase college attendance.  It is essentially an

extension and expansion of one of two previously existing education tax credits, the Hope

Scholarship Credit, which it temporarily replaced from 2009 through the end of 2012.  The

AOTC, however, is both larger and more widely available than the Hope Credit.  The AOTC in

particular, expands the credit not only to certain lower income students, but also to upper income

students.  The credit phases out for taxpayers with incomes between $80,000 and $90,000

($160,000 and $180,000 for married couples filing jointly).

Although there are no cases determining the exemptability of tax refunds attributable to

the AOTC, there are several decisions which have considered the exempt status of its

predecessor, the Hope Credit.  In *In re Crampton*, 249 B.R. 215 (Bankr. D. Idaho 2000), the

court acknowledged the existence of precedents determining that the EITC is exempt but held

that the Hope Credit is not exempt observing that there were fundamental differences between

the two.  *See also In re Arthur*, 2010 WL 4674450 (Bankr. S.D. Iowa) ("Given the circumstances

---

[2] The description of the terms, scope, purpose and history of the AOTC are taken from The American Opportunity Tax Credit:  Overview, Analysis and Policy Options (Congressional Research Service, June 11, 2012).

surrounding receipt of the Hope Scholarship tax credit, it is not exempt as a public assistance

benefit.")  The court cited three factors, factors which the courts have relied upon generally in

making these determinations in tax credit cases.  First, the court concluded that the purpose and

policy of the Hope Credit was different from the EITC which was focused on helping the

working poor.  The Hope Credit was designed to provide an incentive for secondary job training

and education.  Similarly, the AOTC has the purpose of encouraging college attendance.  The

court also observed that the Hope Credit, unlike the  EITC was refundable, meaning that

notwithstanding the absence of tax liability, an amount would be payable to the taxpayer.  Third,

the court noted the broader availability of the Hope Credit in terms of ranges of taxpayer income.

The Hope Credit did not begin to phase out until income, reported on a joint return, reached

levels between $80,000 and $100,000.  Accordingly, the Hope Credit was designed to benefit a

broader range of individuals and therefore was not limited to assisting the working poor as is the

case with the EITC.  While the Debtors are correct that since *Crampton*, the law has changed in

that the AOTC is now at least partially refundable, the Court concludes that it is still more like

the  ACTC than the EITC and that the other factors weigh heavily in favor of finding that the

AOTC is not exempt.  The AOTC has a primary purpose of encouraging college attendance, not

helping the working poor.  In addition, it is available to a far broader range of families, based on

income, than is the EITC.  Accordingly, the Court concludes that the AOTC is not an exempt

public assistance benefit, exemptible pursuant to Mo. Rev. Stat. § 513.430.1(10)(a).

For these reasons the Court overrules the Trustee's objection to the Debtors' exemption

in that portion of their 2012 tax refund attributable to the Earned Income Tax Credit in the

amount of $903.00, but sustains the Trustee's objection to the remaining portions of the tax

refund, specifically the Additional Child Tax Credit of $1,659.00 and the American Opportunity

Tax Credit in the amount of $825.00.


Dated: _____June 5, 2013_____        _____/s/ Dennis R. Dow_____
                                                  The Honorable Dennis R. Dow